HARDY, Judge.
This is a compensation suit in which plaintiff claimed permanent total disability and sought recovery of compensation at the rate of $30 per week for a period of 400 weeks. After trial on the merits plaintiff’s demands were rejected, from which judgment he has appealed.
Plaintiff was accidentally injured on June 26, 1952, while working for defendant, his particular duties being the bundling, tying and stacking of corrugated paper boxes. At the time of the accident, however, he was engaged in cleaning what is known as a dial press when the jaws of the press accidentally closed upon him, pinning the upper part of his body and head between the plates of the press and causing serious injuries consisting of the fracture of a clavicle, multiple fractures of the jaw and numerous bruises and contusions. Plaintiff was immediately hospitalized and given surgical treatment by competent specialists. Upon being discharged from treatment plaintiff returned to work on August 25, 1952, and after performing light work, consisting of odd jobs, for a period of a week he returned to the type of work in which he had been engaged at the time of his injury, continuing on this job until November 14, 1952, at which time he was discharged. It is established that plaintiff was one of a group of 70, an entire shift, *786 which was laid off. During the period of approximately thirteen weeks, during which plaintiff worked after his return, he was absent from work for a total of only five days, none of which absences appears to be chargeable to any effects of his injury. It is further established that after plaintiffs discharge he did perform manual labor for a period of some two weeks, which labor consisted of the operation of a motor driven saw in cutting pulpwood.
As to the nature of his injury plaintiff specifically alleged that he had lost practically all his teeth, sustained an injury to his ears which caused a partial loss of hearing, which loss was progressively leading to the fear of total deafness, and that he sustained a serious injury causing a deterioration in his eyesight which he feared would result in blindness.
Counsel for plaintiff has made no appearance before this court either by oral argument or brief, despite which fact we have carefully considered the record in the case. The only disputed issue bears upon the question of plaintiff’s disability, if any, at the time of trial. Compensation and medical expenses were paid up to the time of plaintiff’s return to work.
A study of testimony tendered on behalf of plaintiff alone would leave a serious question as to whether he had sustained the burden of proof, and when the testimony on behalf of defendant is taken into consideration there can remain no doubt as to the correctness of the conclusion that plaintiff is not entitled to further compensation. The loss of teeth, or anticipated loss of teeth, which plaintiff claims is shown to be chargeable to decay and not to any effect of the injury. On trial of the case plaintiff testified that he was unable to see out of one eye and contended that he could not distinguish the number of fingers which counsel for defendant held before his eyes at a distance of approximately ten feet. This testimony was completely and conclusively controverted by the testimony of one of defendant’s medical witnesses, a competent eye, ear, nose and throat specialist, who testified that he had tested plaintiff’s vision and found it to be 20-20 in each eye. Similarly this witness testified that plaintiff’s hearing in the range of ordinary conversational tones was entirely normal and that the only defect was a deficiency in auditory perception in high frequency ranges. However this latter deficiency is not shown to have been chargeable to plaintiff’s injury nor was it determined that it would in any degree affect his ability to engage in and perform manual labor.
We think the record overwhelmingly justifies the rejection of plaintiff’s demands, and accordingly the judgment appealed from is affirmed at appellant’s cost.